UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JAMES WHENNEN,

    Plaintiff,

v.                                                       Case No: 8:21-cv-2480-WFJ-AAS

INSUREMART, INC.,

    Defendant.
_____/

## ORDER

This is an insurance coverage dispute for injuries a truck driver sustained after falling from the sleeper bed in his truck. Before the Court today is Defendant Insuremart, Inc.'s Motion to Dismiss, Dkt. 7, Plaintiff James Whennen's Complaint, Dkt. 1. Plaintiff Whennen, the injured truck driver, filed a response. Dkt. 10. With the benefit of full briefing, the Court denies Insuremart's motion.

## BACKGROUND

Mills Shipping Services, LLC—a non-party to this action—is a Florida-based company that employs truck drivers. Dkt. 1-4 at 1. Defendant Insuremart is a general insurance broker that procures insurance policies for third parties. *Id.* Mills Shipping Services purchased insurance policies from Insuremart to cover its truck drivers. *Id.* at 2. One such policy was the Occupational Accident Policy. *Id.* This

policy provided up to $1 million of coverage, and it was issued to Chris Karakaedos, a former truck driver for Mills Shipping Services. *Id.*

On March 22, 2019, Mills Shipping Services sent the following email to Insuremart:

> Good Evening Ladies,
>
> I will have a new driver starting Monday. Not sure if you need his information but if so it is below. Please remove Chris Karakaedos from anything and replace with my new driver.

Dkt. 1-4, Ex. 1 at 2. Under a heading that read "New Driver," Mills Shipping Services included Plaintiff Whennen's full name, his date of birth, and his driver's license number. *Id.*

An insurance agent for Insuremart answered this email the same day, asking: "How Many years of experience does he has [sic]?" *Id.* at 1. Mills Shipping Services replied two days later, on March 24, 2019, stating: "30 years." *Id.* It appears there was no further communication about this matter between Mills Shipping Services and Insuremart. However, Insuremart continued charging Mills Shipping Services for insurance coverage well after these communications, leading Mills Shipping Services to believe Plaintiff Whennen was properly insured. Dkt. 1-4 at 2.

On May 21, 2019, Plaintiff Whennen was injured while working for Mills Shipping Services when he fell from the sleeper bed in his truck. *Id.* at 3. The fall

caused multiple spinal fractures, among other injuries. *Id.* Insuremart denied any obligation to Plaintiff Whennen or Mills Shipping Services for the accident. Dkt. 1-4, Ex. 2 at 1.

Plaintiff Whennen sued Mills Shipping Services in Florida state court for its failure to provide insurance that would have covered his injuries. Dkt. 1-4 at 3. The two parties settled the suit, and the state court entered a consent final judgment against Mills Shipping Services and in favor of Plaintiff Whennen on July 9, 2021. *Id.*; Dkt. 1-4, Ex. 2. As part of this settlement, Mills Shipping Services assigned its right to sue Insuremart to Plaintiff Whennen. Dkt. 1-4 at 3. Under Florida law, negligence claims against an insurance broker are assignable. *See Wachovia Ins. Servs., Inc. v. Toomey*, 994 So. 2d 980, 990 (Fla. 2008).

In accordance with that assignment, Plaintiff Whennen sued Insuremart in Florida state court on August 19, 2021. Dkt. 1-4. He alleges that, despite Mills Shipping Services directing Insuremart to remove former driver Chris Karakaedos "from anything" and replace him with Plaintiff, Insuremart negligently failed to procure insurance coverage that would have covered Plaintiff's injuries. *Id.* at 4. Plaintiff attached two documents to his Complaint: (1) the email chain between Mills Shipping Services and Insuremart from March 2019, and (2) the state-court settlement between Plaintiff Whennen and Mills Shipping Services. Dkt. 1-4, Exs. 1 & 2.

Defendant Insuremart removed the case to federal court in October 2021 based on diversity jurisdiction. Dkt. 1. It now moves to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt. 7. The Court now considers this motion.

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

When considering a Rule 12(b)(6) motion, the Court accepts all factual allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). The Court also will limit its "consideration to the well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

## ANALYSIS

An insurance broker may be held liable under Florida law for the negligent failure to procure requested insurance coverage. *See Toomey*, 994 So. 2d at 990 n.4

4

(noting that "negligent failure to procure requested insurance coverage is a valid claim in Florida"). Insurance brokers have a duty "to use reasonable skill and diligence" when procuring insurance coverage requested by insureds. *Warehouse Foods, Inc. v. Corp.Risk Mgmt. Servs., Inc.*, 530 So. 2d 422, 423 (Fla. 1st DCA 1988). Where an insurance broker undertakes to obtain insurance coverage for another person and fails to do so, the broker may be found negligent and held liable for resulting damages. *Klonis ex rel. Consol. Am. Ins. Co. v. Armstrong*, 436 So. 2d 213, 216 (Fla. 1st DCA 1983). "This general duty requires the agent to exercise due care in correctly advising the insured of the existence and availability of particular insurance[.]" *Adams v. Aetna Cas. & Sur. Co.*, 574 So. 2d 1142, 1155 (Fla. 1st DCA 1991).

      Here, viewing Plaintiff's allegations as true and in a light most favorable to him, the Court concludes Plaintiff has sufficiently stated a cause of action for negligent procurement of insurance. Plaintiff Whennen alleges Insuremart agreed to procure insurance coverage for Mills Shipping Services's truck drivers. Dkt. 1-4 at 2. Mills Shipping Services directed Insuremart's agent to remove the old driver, Chris Karakaedos, "from anything" and replace him with Plaintiff Whennen. Dkt. 1-4, Ex. 1 at 2. Although the Insuremart agent emailed back inquiring about Plaintiff Whennen's level of experience, it appears Insuremart never again followed up with Mills Shipping Services about adding Plaintiff Whennen to the

5

insurance policies. It may have been incumbent on the broker to apprise Mills Shipping Services whether its insurance request was limited in any way and to explain that different coverage may have been required to meet the company's expectations. At this early stage of the proceedings, this is enough to state a valid cause of action for negligent procurement of insurance. *See Kendall S. Med. Ctr., Inc. v. Consol. Ins. Nation, Inc.*, 219 So. 3d 185, 188–89 (Fla. 3rd DCA 2017) (holding that plaintiff properly pled claim for negligent procurement of insurance when insurance agent failed to explain that different coverage was required to meet plaintiff's expectations).

In its Motion to Dismiss, Insuremart argues that Mills Shipping Services's email request to remove the old truck driver "from anything" and replace him with Plaintiff was not specific enough to trigger the agent's duty to obtain insurance coverage. Dkt. 7 at 10–11. According to Insuremart, to be an actionable request for insurance coverage, the email should have mentioned the Occupational Accident Policy by name and contained a specific request for insurance coverage that would have covered Plaintiff for the type of injuries he sustained in the accident. *Id.* at 11.

This type of argument is better suited for the summary judgment stage of the case. It is ordinarily a question of fact whether there has been a failure to procure insurance. *See Com. Ins. Consultants, Inc. v. Frenz Enters.*, 696 So. 2d 871, 872 (Fla. 5th DCA 1997). In *Kendall South Medical Center, Inc.*, the defendant-insurer

6

argued it did not have a duty to procure insurance coverage because the plaintiff made "only general requests for 'full' or 'adequate' coverage," without requesting the specific type of insurance at issue in the case. 219 So. 3d at 189 n.4. The *Kendall* court held that this argument presented "a potential factual issue that cannot be resolved on a dismissal motion." *Id.* So, too, here. It is a question of fact whether Mills Shipping Services's request to replace the old truck driver with Plaintiff Whennen on "anything" would include the Occupational Accident Policy. Insuremart will be able to raise this argument on a motion for summary judgment or at trial.[1]

Insuremart also argues it cannot be found negligent here because it never explicitly agreed to replace the old driver with Plaintiff Whennen on the Occupational Accident Policy. Dkt. 7 at 4. But Plaintiff Whennen alleges Insuremart "agreed to procure insurance coverage for [Mills Shipping Services's] truck driver." Dkt. 1-4 at 2. Accepting this allegation as true, which the Court must at this stage, Insuremart agreed to facilitate Mills Shipping Services's insurance needs for its truck drivers, which may have created a duty for Insuremart to explain any limitations on Mills Shipping Services's insurance request or that different coverage was needed to meet Mills Shipping Services's expectations.

---

[1] *See also Warehouse Foods*, 530 So. 2d at 423–24 (holding at the summary judgment stage that the insured's request that "everything" be covered by the requested insurance policy presented a genuine dispute of material fact).

Insuremart additionally argues it could not have replaced the old truck driver with Plaintiff Whennen as the Certificate Holder on the Occupational Accident Policy because only owner-operators of trucks are eligible to be Certificate Holders, and Plaintiff Whennen was not an owner-operator of a truck. Dkt. 7 at 4–5. This argument is again better suited for summary judgment. It is a potential factual issue whether Plaintiff Whennen could have qualified as a Certificate Holder on the Occupational Accident Policy.

Finally, Insuremart argues Plaintiff Whennen's injuries are not eligible for coverage under the Occupational Accident Policy because "Occupational" is defined by the policy as an accident happening "while under Dispatch," and "Dispatch" does not include time spent during overnight stops or for rest. Dkt. 7 at 5–6. This again presents a potential factual issue that cannot be resolved on a dismissal motion. Although the Complaint says Plaintiff Whennen "fell from the sleeper bed in his truck," it is a question of fact whether this fall occurred while on dispatch. The Court expresses no opinion as to the efficacy of these summary judgment arguments at this time.[2]

---

[2] Insuremart also advances several arguments about the measure of damages in this case. The Court takes this matter under advisement and requests the parties brief this issue at the summary judgment stage of the case.

## CONCLUSION

The Court **DENIES** Defendant Insuremart's Motion to Dismiss, Dkt. 7. Plaintiff Whennen has properly stated a claim against Insuremart for negligent failure to procure requested insurance coverage.

**DONE AND ORDERED** at Tampa, Florida, on December 10, 2021.

*/s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO:**
Counsel of Record